[Civ. No. 7007. First Appellate District, Division Two.—March 3, 1930.]

PAULA GIERSTER, Appellant, v. A. M. BERGEVIN, Respondent.

John H. Crabbe for Appellant.

No appearance for Respondent.

NOURSE, Acting P. J.—Plaintiff sued under three causes of action—for money had and received, upon a written guaranty and for damages for false representations. A nonsuit was granted as to all causes and the plaintiff has appealed upon typewritten transcripts. The respondent has not defended the judgment by brief or oral argument.

The evidence discloses that the defendant, who was an experienced dealer in the purchase of stocks and securities, persuaded the plaintiff, who was a young German nursemaid wholly unfamiliar with such transactions and unlearned in the language and customs of this country, to transfer her savings from the Bank of Italy to the offices of a stock-broker in San Francisco upon the representation that the brokerage office was in effect a banking institution and that her money would be there deposited with equal safety but with much greater profit. The defendant then persuaded the brokerage office to purchase certain stocks on margin for plaintiff's account, and when calls for further payment were made, the defendant executed and delivered to plaintiff the written guaranty in suit wherein he undertook to repay to her the full sum advanced if she would leave the stock in the hands of the broker until a certain date. Plaintiff performed as stipulated, the stock fell in price on the market and the brokers sold, returning to plaintiff $742 out of $2,000 which she had invested with them.

Though no grounds were stated in the motion for nonsuit, it appears that the motion was granted on the cause of action covering the written guaranty on the ground of want of consideration. The ruling was error because the consideration is presumed from the writing. (Sec. 1963, subd. 39, Code Civ. Proc.) Hence a *prima facie* case was made.

The only ground suggested for the order of nonsuit on the issue of fraud is that the representations as to the "value" of the stock were mere expressions of opinion and hence not actionable. But these were but a small part of the representations made. The plaintiff made a *prima facie*

case, at least showing all the essential elements of such a cause of action—that the representations as to facts were false, known to be such by defendant, made with intent to deceive plaintiff, and that she relied upon them, believing them to be true, to her injury. The order of nonsuit on this cause of action was error.

The judgment is reversed.

Sturtevant, J., and Dooling, J., *pro tem.*, concurred.